IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD D. PARKELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No.14-446-SLR ) |
| CHRISTOPHER SENATO, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Background.** Plaintiff Donald Parkell ("plaintiff"), an inmate housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. He proceeds pro se and has been granted leave to proceed in forma pauperis. Plaintiff filed two motions for preliminary injunctive relief to compel defendants to provide him with a religious diet. (D.I. 12, 22) Defendants oppose the motions.

2. **Injunctive relief.** A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v.*

*Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

3. **Discussion**. Plaintiff has requested a kosher diet as part of the practice of his Jewish beliefs. (D.I. 2, ex. 1) The Delaware Department of Correction ("DOC") has a policy that provides inmates with religious diets upon request. (*Id.* at ex. 5) Plaintiff was advised that he would receive kosher meals upon verification by a rabbi that he is an Orthodox Jew. (*Id.* at ex. 1) Plaintiff adds that defendants will not approve his request for a kosher diet unless a rabbi tells defendants that he is of Jewish ancestry or has "properly" converted to Judaism. In plaintiff's institutional file, he identifies himself as either Roman Catholic or Wicca. (*Id.* at ex. 2) Plaintiff was asked to answer some questions and told that, upon receipt of his answers, he would be provided with a change of faith form for processing per the DOC's procedures. Plaintiff was provided a form on February 25, 2014. (*Id.*)

4. Plaintiff submitted a grievance on March 11, 2014 over the issue and stated that he is "a Jewish faith adherent but his view of God having a female partner does not qualify him to be proclaimed Jewish by a rabbi." (*Id.* at ex. 3) Plaintiff goes on to state that he must eat kosher and live according to Kashrut law.[1] Plaintiff believes that non-kosher food violates his soul's purpose to celebrate and worship God and the Goddess through rituals demanded within Hebrew texts. (*Id.*) Plaintiff believes himself to be

---

[1] Kashrut is the body of Jewish law dealing with what foods can and cannot be eaten and how those foods must be prepared and eaten. See http://www.jewfaq.org/kashrut.htm (Dec. 8, 2014).

Jewish, but not of the exact sect as that qualified by defendants as deserving to keep a kosher diet.

5. In his affidavit, plaintiff describes his religion as "not in agreement with many of the modern-day Jewish ideologies" because basic, fundamentally necessary tenants have been removed from the Jewish faith including feminine deity, magical rites and practices, and open mindedness. (D.I. 14, pl.'s aff.) Plaintiff has requested "stronger instruction" from defendants in Judaic law, but his requests have not been answered. (*Id.*) Plaintiff states that his request for a kosher diet was not granted because "there is an informal policy . . . to refuse any request for a religious diet of kosher food unless Jewish heritage is 'verified' based on race or formal conversion that satisfies the purpose of the prison's choice of rabbi." (*Id.*) Plaintiff states that the informal policy does not take into account that plaintiff does not "parallel" his beliefs to those of the rabbi, and the informal policy does not corroborate the actual DOC policy for religious diet plans. (*Id.*)

6. Defendants note that plaintiff has attempted to resolve his religious struggle to be recognized as Jewish through informal "in house" letters, and he does not fit the criteria to receive a kosher diet. (D.I. 25) They further note that plaintiff identifies with values and beliefs associated with both Wiccan and Jewish faiths. (*Id.*) Finally, defendants note that the DOC has not made a determination concerning whether plaintiff's change of faith is sincere but, rather, is asking him to comply with the change of faith process required to convert to Judaism. (*Id.*)

7. There is no indication that plaintiff is prohibited from practicing his faith. In addition, the record reflects that he has not converted to Judaism, a requirement to

3

receive a kosher diet. Finally, the court is mindful that providing kosher meals for all non-Jewish inmates could have a negative effect on the administration of the prison.

8. Upon review of the allegations made by plaintiff and the evidence submitted, the court concludes that plaintiff has not met the requisites for injunctive relief. Plaintiff has not demonstrated the likelihood of success on the merits. Nor does the record reflect that denial of his motions will result in irreparable harm. Finally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997).

9. **Conclusion**. For the above reasons, the court will deny the motions for injunctive relief (D.I. 12, 22). A separate order shall issue.

Dated: December __10__, 2014            UNITED STATES DISTRICT JUDGE