IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD D. PARKELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.14-446-SLR |
| | ) |
| CHRISTOPHER SENATO, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Background.** Plaintiff Donald Parkell ("plaintiff"), an inmate housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. He proceeds pro se and has been granted leave to proceed in forma pauperis. Plaintiff has filed a motion for an order to show cause and temporary restraining order and a motion to compel. (D.I. 32, 38) Defendants oppose the motion seeking injunctive relief and have informed plaintiff that the discovery he requests is forthcoming and plaintiff filed a voluntary withdrawal of the motion. (D.I. 37, 40, 41)

2. **Injunctive relief.** Plaintiff's motion for injunctive relief contends that defendants are infringing and/or interfering with his access to the courts. He contends that: (1) the law library refuses to provide to him rulings by sister-circuit courts; (2) documents in his appeal packet were removed and plaintiff was required to send copies of his appeal to the library for recopying; and (3) the law library refused to copy some of the documents even though they had previously copied them. Plaintiff

contends that the actions of the law library staff made it impossible for him to file an appeal in the United States Court of Appeals for the Third Circuit.

3. **Standard**. A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." NutraSweet Co. v. Vit-Mar Enterprises, Inc., 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." NutraSweet II, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. Rush v. Correctional Med. Services, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995)).

4. **Discussion**. Prisoners must be allowed "adequate, effective and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. Lewis v. Casey, 518 U.S. 343, 351 (1996); Christopher v. Harbury, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous, arguable claim is lost. Christopher, 536 U.S. at 415.

5. There is no indication from plaintiff's filing that he has suffered an actual injury from his alleged denial of access to the courts. Plaintiff contends that the actions taken by law library personnel made it impossible for him to file an appeal in this case. However, the court docket indicates that plaintiff filed an appeal and was granted leave to proceed in forma pauperis in that appeal. (D.I. 34, 35, 36, 39) Moreover, exhibits produced by defendants in opposition to the motion for injunctive relief indicate that he is provided ample assistance by the prison law library. (See D.I. 37, ex.) The court, therefore, concludes that plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify injunctive relief.

6. **Motion to compel**. Plaintiff moves to compel defendants to respond to discovery requests served by plaintiff on December 29, 2014. (D.I. 38) Plaintiff recently filed a voluntary withdrawal of the motion. (D.I. 41) The motion will be denied as moot.

7. **Conclusion**. For the above reasons, the court will deny the motion for injunctive relief (D.I. 32) and will deny as moot the motion to compel (D.I. 38). A separate order shall issue.

Date: April 2, 2015

UNITED STATES DISTRICT JUDGE

3